**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>TIMOTHY M. BARRETT,<br>    Debtor.<br>-------------------------------------------<br>VALERIE JILL MINOR,<br>    Movant,<br>    v.<br>TIMOTHY M. BARRETT and<br>ROSEMARY C. CRAWFORD,<br>Chapter 7 Trustee,<br>    Respondents. | Case No. 17-20621-CMB<br><br>Chapter 7<br><br>Related to Doc. No. 45, 54 and 67<br><br>Doc. No. ____<br><br>Hearing Date and Time:<br>    June 26, 2018 at 1:30 p.m.<br><br>Response Deadline:  June 7, 2018 |

**MOTION TO REQUIRE THE TRUSTEE
TO ABANDON PROPERTY OF THE ESTATE**

Pursuant to Bankr. Rule 6007(b) and Local Rule 9013-3(d), and 11 U.S. Code § 554(b), Valerie J. Minor moves the Court for the entry of an order requiring the Chapter 7 Trustee to abandon to Mr. Barrett the bankruptcy estate's interest in the following property:

1. **MR. BARRETT'S CLAIM TO THE $10,715 IN FUNDS HELD BY THE CLERK OF THE CITY OF BRISTOL (VIRGINIA) CIRCUIT COURT.**

    a. **Description of the affected property and whether it appears in the schedules.**

This money in the amount of $10,715 was deposited with the Grayson County (Virginia) Circuit Court by or on behalf of Mr. Barrett in 2009 as security for the appeal bonds for two child support appeals that were decided by the Virginia Court of Appeals in 2011. On remand, the two cases were transferred (along with the money) to the Bristol Circuit Court in 2012. The Bristol Circuit Court dismissed the cases without prejudice in 2014 but retains the money. At the section 341 meeting, Mr. Barrett indicated that he did not schedule the $10,715 because he did not have possession or control of the money held by the Clerk.

      **b.** **The value of the affected property and the source of its valuation.** This money has no value to the bankruptcy estate, because the money is held by the Clerk. There is no likelihood that any of the money will be paid over to Mr. Barrett.

      **c.** **The value of any claimed exemption in the affected property.** There is no claimed exemption.

      **d.** **The basis for any assertion that the affected property is either burdensome to the estate or is of inconsequential value and benefit thereto.** As Mr. Barrett agreed at his section 341 meeting, the money held by the Clerk of the Bristol Circuit Court will be applied by order of the Circuit Court to one or more of Mr. Barrett's domestic support obligations. Arguably, however, these funds can never be disbursed without the participation of the Chapter 7 Trustee in the state court litigation over Mr. Barrett's domestic support obligations, unless whatever theoretical interest the estate may have had is abandoned back to Mr. Barrett.

      **e.** **All known liens against the affected property.** There are no known liens against the money held by the clerk of the Bristol Circuit Court.

2. **MR. BARRETT'S CLAIM FILED AGAINST MS. MINOR IN 2015 FOR MORE THAN $1,000,000 IN COMPENSATORY AND PUNITIVE DAMAGES.**

      **a.** **Description of the affected property and whether it appears in the schedules.** Mr. Barrett sued Ms. Minor for more than $1,000,000 in compensatory and punitive damages in the City of Bristol (Virginia) Circuit Court, in what was docketed as Case No. CL 15-436. The Circuit Court dismissed Mr. Barrett's complaint with prejudice in 2016. Mr. Barrett appealed the dismissal twice to the Supreme Court of Virginia, which found no reversible error in the dismissal of Mr. Barrett's claims for money damages. Mr. Barrett has declared his intention to appeal the orders of the Supreme of Virginia affirming the dismissal to the United States

Supreme Court. At the section 341 meeting, Mr. Barrett indicated that he did not schedule the value of his tort claims against Ms. Minor because of the dismissal, even though he was and is still pursuing his appeals.

  b. **The value of the affected property and the source of its valuation.** The value of this property is probably $0, because Mr. Barrett's claims were dismissed with prejudice and he lost in two appeals, but he has served a petition for writ of *certiorari* to the United States Supreme Court.

  c. **The value of any claimed exemption in the affected property.** There is no claimed exemption.

  d. **The basis for any assertion that the affected property is either burdensome to the estate or is of inconsequential value and benefit thereto.** The Chapter 7 Trustee would be a necessary party to further proceedings in connection with the claims for money damages in Case No. CL 15-436, including Mr. Barrett's petition for writ of *certiorari*, unless whatever theoretical interest the estate has in this property is abandoned to Mr. Barrett.

  e. **All known liens against the affected property.** There are no known liens against the affected property.

3. **MR. BARRETT'S CLAIM FILED AGAINST MS. MINOR IN 2010 FOR MORE THAN $30,000,000 IN COMPENSATORY AND PUNITIVE DAMAGES.**

  a. **Description of the affected property and whether it appears in the schedules.** Mr. Barrett sued Ms. Minor for more than $30,000,000 in compensatory and punitive damages in the York County (Virginia) Circuit Court in 2010. The case was transferred for improper venue to the Grayson County (Virginia) Circuit Court, where it remains pending as Case No. CL 10-145. At the section 341 meeting, Mr. Barrett indicated that he did not list the value of his tort

claims against Ms. Minor purposefully, because of the dismissal in Case No. CL 15-436 on the same legal theories.

      **b.**    **The value of the affected property and the source of its valuation.** The value of this property is probably $0, because Mr. Barrett's claim on similar legal theories in Case No. CL 15-436 was dismissed with prejudice and he lost in two appeals, but he has served a petition for writ of *certiorari* to the United States Supreme Court and Case No. CL 10-145 remains pending.

      **c.**    **The value of any claimed exemption in the affected property.** There is no claimed exemption.

      **d.**    **The basis for any assertion that the affected property is either burdensome to the estate or is of inconsequential value and benefit thereto.** The Chapter 7 Trustee would be a necessary party to further proceedings in connection with the claims for money damages in Case No. CL 10-145, unless whatever theoretical interest the estate has in this property is abandoned to Mr. Barrett.

      **e.**    **All known liens against the affected property.** There are no known liens against the affected property.

WHEREFORE, the Movant respectfully requests that this Court enter an Order, substantially in the form attached hereto, requiring the Chapter 7 Trustee to abandon property of the estate.

5

Date:  May 21, 2018                                  /s/ Aurelius Robleto
                                                                  Aurelius P. Robleto
PA ID No. 94633
ROBLETO LAW, PLLC
Three Gateway Center
401 Liberty Avenue, Suite 1306
Pittsburgh, PA 15222
Tel:  (412) 925-8194
Fax:  (412) 346-1035
apr@robletolaw.com


and

Steven R. Minor
ELLIOTT LAWSON & MINOR
110 Piedmont Ave., Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com
VA ID No. 30496

*Counsel to Ms. Minor*