Mr. Timothy M. Barrett
108 Galaxy Way
Yorktown, Virginia 23693
(757) 342-1671

February 27, 2019

The Honorable Chief Judge Carlota Böhm
Chief Judge of the U.S. Bankruptcy Court for Western Pennsylvania
5414 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

RE:  In Re: Timothy M. Barrett
     Case Number: 17-20621

Dear Chief Judge Böhm:

Please forgive my ignorance as to the proper way to file a motion in your court, resulting in the following motion being so informal, but it is my understanding that *pro se* litigants are given latitude in failing to comply with the formal strictures of usual motions practice.

With this assumption in mind, I move the Court to allow me to voluntarily dismiss my bankruptcy case under 11 U.S.C. §707(a). Based on my limited research, such a remedy is available when, after the bankruptcy has been filed, it is discovered that the bankruptcy will not only provide no relief to the debtor, but especially when the bankruptcy put the debtor in a worse position than he was prior to the bankruptcy. This is especially true when the dismissal does not harm the creditors and may even help them. This is the position I find myself in with this bankruptcy.

Before filing my bankruptcy, I had the following five classes of debts:

1. Child support – I knew going into bankruptcy that child support obligations were not dischargeable under federal bankruptcy law.

2. Federal and Virginia state income taxes from 2005 and 2006.

3. Debts to Mrs. Valerie J. Minor and/or her attorney/husband, Mr. Steve Minor, as court-awarded attorney's fees for various suits between her and me.

4. A disputed debt to First Data that was included, not as an admission that I owed them any money, but rather to remove any doubt that I did not owe them any debt.

5. Credit card debt to both Bank of America and Sam's Club, but this debt was my wife's debt, which I listed in the spirit of full disclosure because I am also on those credit cards.

Unfortunately, the filing of bankruptcy did me no good whatsoever ever, for it failed to discharge any of these debts:

1. As stated, my child support obligation is not dischargeable, making bankruptcy irrelevant to that debt.

2. Irrespective of the bankruptcy, the tax debt to Virginia seems to have expired prior to the bankruptcy due to the passing of the time period that makes up the allowable collections period under Virginia law.

   As to the federal tax debt, I was in a non-collection status with the IRS prior to the bankruptcy and would have remained so without the bankruptcy. Thus, without the bankruptcy being filled, which stopped the clock on the ten-year collection period allowed under federal law, that collections period would have passed, rendering these debts uncollectable.

   While I infer from the fact that the IRS did not dispute the dischargeablity of the 2005 tax debt that its ten-year collections period did expire prior to the filing of the bankruptcy, the IRS did dispute the dischargeability of the 2006 tax debt by making a proof of claim with its lien attached. This lien, which they filed long before the bankruptcy, made the IRS debt not subject to discharge.

3. As to the debts owed to my ex-wife and/or her attorney-husband, they have argued that they are a domestic support obligation. I dispute this contention, but they do have a valid argument to make. Note, I did not say a winning argument, but it is a valid one. If true, then this debt is not dischargeable.

4. The debt to First Data turned out to be my wife's not mine. As I did most of the interaction with First Data, I assumed it was mine, but it turned out not to be. Nevertheless, they have no sought to collect the debt. To the contrary, since the bankruptcy, they have written off the debt and have continued to do business with my wife as if the debt never existed.

5. The credit card debt listed in the Petition was paid by my wife and she continues to use the cards at will, paying them off each month.

Thus, the debts that I had that motivated the bankruptcy have become moot due to them not being dischargeable in the first place under Federal law; did not, in fact, exist at the time of the filing; or were written off by the creditor independent of bankruptcy due to the passage of time, or were paid by my wife.

The bottom line is that in terms of indebtedness, I am in the exact same position before the bankruptcy that I was prior to the bankruptcy, which is to say the bankruptcy did me no good whatsoever.

This is not to say that the bankruptcy has not also been harmful to me. To the contrary, because federal law stopped the clock on the running of the tax debt to the IRS, I continue to owe that money which, but for the bankruptcy, would have become uncollectable in 2018. Indeed, because the bankruptcy is still open pending the ultimate outcome of my child support hearing, the clock on the IRS debt continues to be paused, negatively impacting me.

Dismissing this bankruptcy will cause that clock to resume running, allowing that debt to be written off sooner rather than later. In other words, dismissing the bankruptcy as requested will benefit me more than will the bankruptcy.

I note that because the bankruptcy discharged none of the debts as hoped, none of my creditors will be harmed in any way by dismissing the bankruptcy. They have the same collection tools at their disposal now that they did prior to the bankruptcy. Indeed, some of my creditors (*e.g*, UMPC) will be able to collect whereas now they cannot. More to the point, the IRS will be able to take advantage of the collection methods at their disposal to which they cannot currently avail themselves because of the bankruptcy. It will also assist Mr. and Mrs. Minor in that they would no longer have to worry about me arguing that my non-child support debts to them were, in fact, discharged, saving the parties and the courts involved countless wasted hours briefing, arguing and considering the issue. Everyone wins if the Court grants my motion.

Given this, I ask that the Court please grant my motion to dismiss my bankruptcy without prejudice.

I do certify to the Court that this letter was served via U.S. First Class mail on parties and at their respective addresses listed on the attached mailing matrix on the date of this letter.

Thank you so much for your consideration of this request. Should we need to discuss it, please do not hesitate to call.

Sincerely,

*[signature]*

Timothy M. Barrett