**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>TIMOTHY M. BARRETT,<br>    Debtor.<br>-------------------------------------------<br>TIMOTHY M. BARRETT,<br>    Movant,<br>v.<br>VALERIE JILL MINOR and<br>ROSEMARY C. CRAWFORD,<br>Chapter 7 Trustee,<br>    Respondents. | Case No. 17-20621-CMB<br><br>Chapter 7<br><br>Related to Doc. Nos. 78, 83, 89, 91, 113,<br>                                120, 128, 137, 138,<br>                                141<br><br>Doc. No. \_\_\_\_ |

**STATUS REPORT**

Valerie Jill Minor, by and through her undersigned counsel, hereby submit this Status Report. By its prior order, Doc. 113, this Court granted the parties relief from the automatic stay to obtain a ruling on the ownership of the $10,715 on deposit in state court in connection with *Barrett v. Com.*, Case No. CJ 09-03. Also, by its prior order, Doc. 138, this Court directed the parties to agree or Ms. Minor should file a status report regarding abandonment of the $30 million claim in *Barrett v. Minor*, Case No. CL 10-145. On these matters, Ms. Minor submits the following status report:

    1.    A hearing was held before the Grayson County Circuit Court on July 19, 2019, and the state court made rulings. As of today, no order has been received because of a dispute over what was decided. One or more additional hearings may be required. Mr. Barrett insists that the state court disposed of the $10,715 without ruling on the ownership of the money, which if true might invalidate any order entered by the state court as it would leave undecided the ownership issue for which this Court granted relief from the automatic stay.

2. In a motion for sanctions, etc., dated July 9, 2019, and filed in the state court in Case No. CJ 09-03, at ¶ 67, Mr. Barrett claimed that Ms. Minor owes him "approximately $34,000.00" for overpaid child support, from before 2017. A copy of this document is attached. Previously, Mr. Barrett has claimed that Ms. Minor owes him more $12,000 for two years of overpaid income taxes, plus penalties and interest from before 2017 – the same $16,138.20 that is the subject of the "unsecured priority" part of the IRS proof of claim in this case. Claim No. 1-2 (taxes for 2012 and 2013). These pre-petition claims of $50,000 or more were not listed on Mr. Barrett's schedules but they are property of the bankruptcy estate.

3. The discussion before this Court on July 1, 2019, about abandonment of Mr. Barrett's $30 million claim against Ms. Minor was based on Mr. Barrett's express representations to the Trustee, and to Ms. Minor, and to this Court, that the $30 million claim has no value. In emails dated July 21, 2019, even before an order on abandonment was entered by this Court, Mr. Barrett reversed course and has made settlement demands based on the value of the $30 million claim, which he says is potentially large. Copies of the emails are attached. If there is a possibility that the $30 million claim has value, as Mr. Barrett is now saying, then it should not be abandoned.

4. Based on the foregoing, Ms. Minor continues to object to Mr. Barrett's motion for dismissal pursuant to 11 U.S.C. § 707(a), on the same grounds stated in Doc. 128. She contends that Mr. Barrett is unable to demonstrate "cause" under 11 U.S.C. § 707(a) and that she will be prejudiced if dismissal under section 707 is granted. In her objections, Ms. Minor asserted among other things that "if this case is dismissed, Mr. Barrett will not have to account for his failure to include in his schedules any pre-petition claims that he intends to bring against Ms. Minor or others." Doc. 128 at 6. So long as Mr. Barrett continues to assert that he has valuable unscheduled pre-petition claims against Ms. Minor and with Mr. Barrett once again asserting that the $30 million claim has value, this may not be a no-asset case. If Mr. Barrett ever makes up his mind and allows this Court to conclude in an order,

in a way that is final and binding on all parties, that he has no pre-petition claims of any value against Ms. Minor, then of course the case can be administratively closed like any other no-asset case.

| | |
|---|---|
| Date:  July 29, 2019 | /s/ Aurelius P. Robleto |
| | Aurelius P. Robleto |
| | PA I.D. No. 94633 |
| | ROBLETO LAW, PLLC |
| | Three Gateway Center |
| | 401 Liberty Avenue, Suite 1306 |
| | Pittsburgh, PA 15222 |
| | Tel: (412) 925-8194 |
| | Fax: (412) 346-1035 |
| | apr@robletolaw.com |

*Local Counsel to Valerie Jill Minor*

- and -

Steve Minor, Esquire
Elliott Lawson & Minor, P.C.
110 Piedmont Avenue, Suite 300
Bristol, VA 24201
Phone: 276-466-8400
Fax: 276-466-8161
sminor@elliottlawson.com