UNITED STATES BANKRUPTCY COURT
OFFICE OF THE CLERK
WESTERN DISTRICT OF PENNSYLVANIA
5414 U.S. Steel Tower
600 Grant Street
Pittsburgh, Pennsylvania 15219-2801
Telephone: (412) 644-4052

Michael R. Rhodes
CLERK OF COURT

July 31, 2019

Timothy M. Barrett
108 Galaxy Way
Yorktown, VA 23693

Re: *In re Barrett*; Case No. 17-20621-CMB

Dear Mr. Barrett,

The Bankruptcy Court received your letter dated July 22, 2019 addressed to Chief Judge Carlota Böhm concerning the above-referenced case. Your letter has been docketed and made a part of the official record in this case.

Please be advised that the Bankruptcy Court cannot consider a request for relief based on a letter delivered to the Court. Any request for relief must be filed in compliance with the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Moreover, the Clerk of Court cannot provide legal advice. Should you have questions about your rights and remedies in this matter, you should contact an attorney.

Information about the docket for this case may be obtained through an attorney, or during regular office hours at the public kiosks located at the Bankruptcy Court. Docket information also may be obtained electronically through the Public Access to Court Electronic Records service found at http://www.pacer.gov.

Sincerely,
MICHAEL R. RHODES, CLERK

By: _____
John F. Kroto, Chief Deputy

Mr. Timothy M. Barrett
108 Galaxy Way
Yorktown, Virginia 23693
(757) 342-1671

July 22, 2019

The Honorable Chief Judge Carlota Böhm
Chief Judge of the U.S. Bankruptcy Court for Western Pennsylvania
5414 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

RE:   In Re: Timothy M. Barrett
      Case Number: 17-20621

Dear Chief Judge Böhm:

As an update to my continuing bankruptcy saga, Mr. Minor was heard this past Friday by the Honorable H. Lee Harrell of the Grayson County Circuit Court on his Motion to Disburse the $10,715.00 to either Mrs. Minor as child support or Ms. Crawford as bankruptcy estate funds.

After hearing the argument of the parties, Judge Harrell chose to keep the funds in the possession of the Clerk of Court, considering them part of my suspension bond, which under Virginia law suspends any execution of his 12/28/18 child support judgment pending a decision by the Court of Appeals of Virginia as to the lawfulness of that judgment.

After the Court of Appeals rules, it should be obvious if these funds should be considered child support – going to Mrs. Minor - or if the funds belong to me – going to Ms. Crawford.  At that point, compliance with your order 8/28/18 order should be *pro forma*.   But I am afraid that compliance with your order is not yet possible.

After Judge Harrell ruled, I e-mailed Mr. Minor to ask if he would now be willing to sign Ms. Crawford's order that dismisses the bankruptcy, but allows her to reopen it in the event the $10,715.00 – the only asset of my bankruptcy estate – is determined by Judge Harrell to be mine. So far he has refused.

Prior to Judge Harrell's ruling this past Friday, Mr. Minor's concern would be that somehow Ms. Crawford's order will allow Judge Harrell to not grant the relief Mr. Minor was seeking. But this concern has been obviated by Judge Harrell refusing to grant Mr. Minor Motion on other grounds.

Given this, his refusal to agree seems more based on obstinance and desire to obtain from me a pound of flesh than a genuine concern for the advancement of his Mrs. Minor's legitimate position.

I say this is especially true when dismissing the bankruptcy may benefit the Minors as much as it would benefit me.

As I have explained to Mr. Minor, I only have two major creditors going after the same $10,715.00 – Mr. and Mrs. Minor and the IRS. The point of dismissing the bankruptcy is to get the 10-year collections clock imposed by Congress on the IRS that was stopped by the filing of the bankruptcy running again with the hope that that debt will go away with the passage of time. If the bankruptcy is dismissed, the collection clocks starts to run anew and if it then runs out, the only creditor left will be the Minors. This means that they get all or almost all the $10,715.00 no matter how the Court of Appeals rules. Given this, dismissing the bankruptcy is a win-win. This is why I think both Mrs. Crawford and Mr. Robleto both agreed to this dismissal once the $10,715.00 was protected.

Be that as it may, as the dismissal does benefit both me and the Minors, there is no reason now to enter it. Given this, is there a way to expedite our hearing set for September to after the first week in August to get a final decision on dismissal sooner rather than later?

Thank you so very much for your consideration of this letter, and should we need to discuss it, please do not hesitate to call or e-mail.

Sincerely,

*Timothy M. Barrett*

Timothy M. Barrett

CC:    All creditors